### GOODMAN v. GOODMAN.     (No. 2294.)

(Court of Civil Appeals of Texas. Texarkana. June 10, 1920.)

**1. Divorce ⊙⟹293—Temporary order pending suit authorized.**

By provision of Vernon's Sayles' Ann. Civ. St. 1914, arts. 4639, 4641, pending suit for divorce, the court is authorized to make temporary orders, as is an order for custody of the children pending such a suit.

**2. Divorce ⊙⟹312—Appeal does not lie from order for custody of children pending suit.**

Appeal does not lie from order for custody of children pending suit for divorce; the statute not providing for appeal from a temporary order of such kind.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Proceeding by Mrs. Ora Goodman against B. A. Goodman. From an adverse order, defendant appeals. Dismissed.

Dorough & Crumpton, of Texarkana, for appellant.

Mahaffey, Keeney, Dalby & Smitha, of Texarkana, for appellee.

LEVY, J. After hearing an application for a writ of habeas corpus, the court granted an order, which is appealed from, reading:

"It is therefore the order of the court that the plaintiff, Mrs. Ora Goodman, do have the care and custody of said two minor children, Austin Goodman and Gladys Goodman, during the pendency of this suit for divorce, and until a final hearing of this cause, or until the further orders of this court."

[1, 2] The application for the writ alleged that a suit for divorce between Mrs. Goodman and her husband, wherein the custody of the minor children was involved, was then pending for a trial in the district court of Bowie county. The court is authorized to make temporary orders, as the above order was, pending any suit for divorce. Articles 4639 and 4641, Vernon's Sayles' Civil Statutes. But an appeal does not lie from the above order, because it is merely an interlocutory order, and temporary in its nature, and the statute does not provide for an appeal from a temporary order of this kind.

The appeal is therefore dismissed.