### EX PARTE PAT MORRIS.

No. A-1758. Decided October 20, 1948.
215 S. W., 2d Series, 598.

*John B. McNamara,* of Waco, for relator.

*Price Daniel,* Attorney General, *J. A. Amis* and *William Lot,* Assistants Attorney General, and John Dowdy, District Attorney, third judicial district, of Athens, for respondent, Paul Stanford, Sheriff of Anderson County.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Relator, Pat Morris, seeks release in this Court from the restraint of an order of the District Court of Anderson County adjudging him to be in contempt of court for violating an injunction issued out of that court, by possessing intoxicating liquor for the purpose of sale in Anderson County, and fixing his punishment at a fine of $100.00 and confinement in the county jail for three days. No questions as to the validity of the injunction or as to the sufficiency of the complaint and notice in the contempt proceedings are involved. The sole question for decision is whether the contempt order is based on any evidence.

■ The State relies solely upon these facts as evidence of guilt: On May 8, 1948, officers discovered two pints of whisky in an old car near a garage in Anderson County, where relator spent a great deal of time. It was not shown that either the old car or the garage belonged to relator. On two occasions prior to May 8th relator had been observed walking away from this old car, and on one of those occasions, about two weeks prior to May 8th, he was observed looking into the front seat of the car. No proof was made that these two pints of whisky belonged to relator or ever came into his possession for any purpose. Those are the only facts relied on by the State, except copies of informations, complaints, and judgments of prior convictions

and one acquittal of relator for violations of the liquor law. All those documents antedated the issuance of the injunction for the violation of which relator stands convicted. They might be relevant if this were a hearing to determine whether or not an injunction should be issued, but clearly have no relevancy in this proceeding. Proof that there were grounds for the issuance of the injunction has no place in a contempt proceeding for the alleged violation of the injunction. The case before us, then, is one in which relator has been adjudged guilty of a constructive contempt, without any competent evidence whatever having been offered of his guilt.

██ In habeas corpus proceedings we do not consider the evidence in the sense that we act as a court of review, but we do consider the entire record, including the evidence offered at the contempt hearing, to determine whether or not due process has been accorded relator. Ex parte Fisher, 146 Texas 328, 206 S. W. (2d) 1000, 92 L. Ed. 1047; Ex parte Leo Henry et al 147 Texas 315, 215 S. W. (2d) 588. Had relator been convicted without a hearing it would hardly be claimed that due·process had been accorded him. There was a proceeding in this case in the form of a hearing, but no evidence of relator's guilt was offered at that hearing. The proceeding, therefore, was a hearing in form only and not such a hearing as is essential to the validity of the judgment. The court was without jurisdiction to enter the contempt order in the absence of some evidence of guilt.

It is our conclusion that relator has not been accorded due process, and it is accordingly ordered that he be discharged.

Opinion delivered October 20, 1948.

No motion for rehearing filed.