## WARDLAW v. WARDLAW.

### No. 3157.

Court of Civil Appeals of Texas.

Waco.

April 8, 1954.

R. A. Kilpatrick, Cleburne, for appellant..

James E. Ferguson, Gean B. Turner, Cleburne, for appellee.

TIREY, Justice.

This is an appeal from an order awarding the custody of a little girl, a little over two years old, to her maternal grandparents, who were not parties to the proceeding.

We quote the pertinent parts of the decree:

"Came on this the 6th day of November, 1953, to be heard the above numbered and entitled cause, and both the plaintiff and defendant appearing in person and through attorneys, a jury being waived, the court heard the evidence and argument of counsel and thereinafter issued the following judgment:

**1.**

"The court finds it has no jurisdiction to determine the divorce action on, its merits because of the prior action. filed in the State of Kentucky by the defendant, and this action is hereby passed pending the disposition of the Kentucky divorce action." (This portion of the decree is not assailed.)

**2.**

"After all evidence was in this said' court finds that the minor child born as issue of this marriage, Jane Denise Wardlaw, is domiciled in Johnson County, State of Texas, and that this. the Eighteenth Judicial District Court of Johnson County, Texas has the sole right to determine and award custody of said minor child.

**3.**

"Pending the final disposition of this suit, the custody of the said minor child, Jane Denise Wardlaw, is placed with Mr. and Mrs. O. A. Allmon, and the child shall reside in their home in Grandview, Johnson County, Texas, with the one exception, that being Mr.

and Mrs. O. B. Wardlaw have the right to take said minor child to their residence in Marion, Kentucky for a visit not to exceed thirty (30) days beginning on the 7th day of November, 1953, and on or before the 7th day of December, 1953 said child is to be returned to Mr. and Mrs. O. A. Allmon at their residence in Grandview, Texas, at the expense of O. B. Wardlaw.

4.

"This court retains full jurisdiction of this suit for the purpose of awarding custody of the said child above named and making further orders and judgments therein.

"It is therefore ordered, adjudged and decreed by the court that it has no jurisdiction to determine the divorce action on its merits because of the prior action filed in the State of Kentucky by the defendant, and this action is hereby passed pending the disposition of the Kentucky divorce action.

"It is further ordered, adjudged and decreed by the court that the minor child born as issue of this marriage, Jane Denise Wardlaw, is domiciled in Johnson County, Texas, and that the Eighteenth Judicial District Court of Johnson County, Texas, has the sole right to determine and award custody of said minor child; that the said minor child is placed with Mr. and Mrs. O. A. Allmon and shall reside in their home in Grandview, Johnson County, Texas, with the one exception, that being Mr. and Mrs. O. B. Wardlaw have the right to take said minor child to their residence in Marion, Kentucky for a visit not to exceed thirty days beginning on the 7th day of November, 1953, and to be returned to Mr. and Mrs. O. A. Allmon at their residence in Grandview, Texas, not later than the 7th day of December, 1953, the expense of said trip to be paid by O. B. Wardlaw.

"It is further ordered, adjudged and decreed by the court that the

Eighteenth Judicial District Court of Johnson County, Texas retains full jurisdiction of this suit for the purpose of awarding custody of the child above named and making further orders and judgments therein."

There was no request for findings of fact and conclusions of law and none filed.

Appellee in her fourth counter point says: "The order of November 6, 1953 is merely a temporary order and does not attempt to make any final adjudication of the custody of the minor child." She cites Goodman v. Goodman, Tex.Civ.App., 224 S.W. 207, no writ history, in support of this counter proposition. We are in accord with this view.

We have given much consideration to the record here before us and to the decree of the court and it is our view that it was the intention of the court to award only temporary custody and control of the minor to the maternal grandparents pending the final disposition of the divorce action. Our view is that when Sections 1, 2 and 3 of the decree are carefully considered in connection with the entire decree, the court said in effect to the parties: "I am not going to pass on the plaintiff's suit for divorce at this time" and stated his reasons for not doing so in the decree, but plainly said to the parties that pending final disposition of the divorce suit that he would award the custody of the minor to the maternal grandparents. It is clear to us that the decree is temporary only.

Because of the fact that we are of the view that the order entered by the trial court is temporary only, we have no jurisdiction to pass on the points raised by appellant to the effect (1) that the district court of Johnson County had no jurisdiction of the custody of the minor because there was a prior case pending in Kentucky; (2) that the court erred in granting the custody of the child to her maternal grandparents because there was no evidence introduced showing that the father of the child was not a proper person to have the custody of his minor child; and (3) that the court erred in not dismissing

the action because of the prior suit pending in Kentucky.

In view of the fact that appellant's points may arise when the court enters a final order on the custody of the minor, we think the opinion of our Supreme Court in Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1, and Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187, and Ex parte Birmingham, 150 Tex. 595, 244 S.W.2d 977, will be of aid to the trial court in passing upon Point 1, if it should arise, and that the opinion of our Supreme Court in Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, point 1, page 1020, and authorities there cited, will be of aid to the trial court in passing upon Point 2, if it should arise. See also Noble v. Noble, Tex.Civ.App., 185 S.W. 318, no writ history; Futch v. Futch, Tex.Civ.App., 299 S.W. 289, no writ history; Mitchell v. Mitchell, Tex.Civ.App., 168 S.W.2d 702, no writ history; Haynes v. Haynes, Tex.Civ.App., 191 S.W.2d 81, writ dis.; and Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241.

Because of the views heretofore expressed, appellant's appeal is dismissed and it is so ordered.