## EX PARTE J.M. BETHURUM

No. A-4829. Decided October 27, 1954.
(272 S.W. 2d Series 85)

*John Glass*, of Tyler, and *George W. Anderson*, of Wichita Falls, for relator.

No brief on file for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

On July 21, 1954, the County Judge of Smith County adjudged relator in contempt of court for violation of a writ of injunction issued by the county court of that county and fixed his punishment at three days imprisonment in the county jail and a fine of $100.00, and ordered him committed to the county jail for a period of three days and until the fine and all costs were paid. On July 22, 1954, we granted a writ of habeas corpus and ordered relator released on bond until the matter could be reviewed on its merits. The matter was submitted on October 13th.

Relator has assigned many reasons why, in his opinion, the contempt judgment is void. We need look no further than the first reason assigned which is that there is no evidence to sustain the judgment.

Relator's statement of the factual background of the proceeding is unchallenged here and will be accepted as correct under Rule 419, Texas Rules of Civil Procedure.

Central Texas Hide & Rendering Company, a corporation, is the owner of a rendering plant at Tyler, Texas. Prior to November 16, 1953, relator was foreman of the plant. On October 17, 1953, the County Attorney of Smith County filed an information against relator in the County court of that county charging him with a violation of Article 695 of the Penal Code in operating the rendering plant and causing odors "injurious to the health of those people residing in the vicinity of said business." Pursuant to Article 104 of the Code of Criminal Procedure and in response to a petition therefor by one Emile L. Jerger, the County Judge, after hearing, entered a judgment on November 16, 1953, restraining relator "from operating and maintaining a rendering plant in a manner which emits odors injurious to the health of those persons residing in the vicinity of said rendering plant * * *" pending final judgment in the criminal case. No appeal was taken from the judgment.

Following the entry of the foregoing judgment relator, according to his testimony, left his employment and the City of Tyler and for a period of some six weeks sought employment elsewhere in Texas and Oklahoma, finding only casual work during that period. He finally returned to Tyler and again secured employment at the plant in question. It is his testimony, supported by that of John Willingham, that the said Willingham is and has been foreman of the rendering plant since the entry of the injunction on November 16, 1953, and that relator holds no supervisory position in the plant operation, his duties being limited to the supervision of the installation of new equipment in the plant, principally in a new addition thereto.

On June 3, 1954, Emile Jerger filed a sworn pleading charging that on June 2 relator had violated the injunction theretofore entered and praying that he be ordered to show cause why he should not be held in contempt. Pursuant to a show cause order a hearing was held and the judgment hereinabove described, adjudging relator to be in contempt, was entered. We have before us a record of the evidence adduced on that hearing. It is the specific contention of relator that there is no evidence in the record that he was in any way connected with that part of the plant operation by which it was caused to emit injurious odors. We agree with this contention.

The judgment of November 15, 1953, did not purport to enjoin relator from continuing in, or later accepting, employment at the plant in question. It only enjoined him from "operating and maintaining" the plant in such a manner as caused it to emit injurious odors. The evidence shows that the plant was owned by a corporation and there is no evidence whatever that relator was a director or officer of, or a stockholder in, the corporation. Neither is there any evidence that relator was personally operating any of the grinders or cookers or was otherwise handling the ill-smelling offal. The only possible basis on which the contempt judgment can rest, under the evidence, is that relator was a supervisory employee in that part of the plant which gave off the offensive odors, and the full extent of the evidence in this respect is that prior to November 16, 1953, relator had been foreman of that part of the plant's operations; that he has since been re-employed by the corporation and has been physically present at the plant site; that on June 10, 1953, he conducted an attorney for Mr. Jerger and an attorney for the corporation through the plant, explaining its operation and discussing methods of improvement, and, while in the new addition during the course of this tour, talked to one of the employees and went with him to a part of the plant in which a feather grinder was in operation and pointed at a belt or conveyor.

Mr. Jerger, the complainant, testified that he did not know in what capacity relator was employed since the injunction judgment was entered. Other than the complainant and his attorney the only witness offered by the complainant, whose testimony bears on the question, was Robert H. Presley, Senior Sanitary Engineer for Tyler-Smith County Health Department, who made periodic inspections of the plant. He testified that on such inspections he sometimes "dealt with" relator but that since the injunction was entered he had never seen him in the oldest part of the plant nor had he seen him operating any of the cookers or otherwise handling, cooking or processing any of the offal; that on many such occasions he had found relator in the plant where the new construction was going on working with the installation of equipment.

We cannot hold that the evidence detailed furnishes a reasonable basis for a reasonable inference that relator was "operating or maintaining" the rendering plant so as to emit the injurious odors. Particularly is this so in the light of the testimony of Mr. Willingham that he was, and had been, foreman of the plant at all times since November 16, 1953, that Jim McDonald was manager thereof and that relator's only employ-

ment was to supervise the installation of the new equipment in the plant. The circumstances relied on as sustaining the contempt judgment are no stronger than those relied on in Ex Parte Morris, 147 Texas 140, 215 S.W. 2d 598, in which the contempt order was held void. A judgment of contempt without support in the evidence is void and may be attacked and set aside even in a collateral proceeding. Ex Parte Morris, supra.

The relator is ordered discharged.

Opinion delivered October 27, 1954.