that his name was "L. A. Voglesang". The names "Vogelsang" and "Voglesang" are idem sonans and the difference in spelling was immaterial.

Appellant next insists that the evidence was insufficient because there was no proof that he entered the residence with the intent to commit the crime of theft as was charged in the indictment.

 The very act of breaking and entering a house in the nighttime raises the presumption that it is done with intent to steal. Mullins v. State, 35 Tex.Cr.R. 149, 32 S.W. 691; Vickery v. State, 62 Tex.Cr. R. 311, 137 S.W. 687 and Martin v. State, 148 Tex.Cr.R. 232, 186 S.W.2d 80.

■ The court in his charge instructed the jury that before they could convict the appellant, they must find from the evidence beyond a reasonable doubt that he entered the residence with the intent to take corporeal personal property therefrom and further instructed the jury that if they believed from the evidence, or had a reasonable doubt, thereof, that he entered for the purpose of seeing a woman and not for the purpose of commiting theft, to acquit him. Such charge correctly submitted the issue of appellant's guilt under the allegations of the indictment and was a fair submission of his affirmative defense.

■ The intent with which the appellant entered the residence was for the jury under the circumstances. The jury chose to reject the appellant's explanation for entering and we find the evidence sufficient to sustain their verdict. Duran v. State, 160 Tex.Cr.R. 167, 268 S.W.2d 167.

Appellant's remaining contentions relate to the Court's charge. No objections were made to the charge. We observe, however, that the Court did submit to the jury the special requested charge which appellant states in his brief the Court refused to submit and that the Court defined the offense of burglary under the terms of the statute.

Finding no reversible error; the judgment is affirmed.

Opinion approved by the Court.

Lois MORROW et vir, Appellants,

v.

Lee GALLANT et ux., Appellees.

No. 10566.

Court of Civil Appeals of Texas.

Austin.

April 16, 1958.

Enlow, Kee & Thomas, Angleton, for appellants.

J. B. Sallas, Crockett, for appellees.

HUGHES, Justice.

On August 27, 1957, the Trial Court "filed and entered" the following judgment:

"On the 26th day of November, 1956, came on to be heard the petition of Lois Morrow and her husband, Albert H. Morrow, Relators, for a writ of habeas corpus Lee Gallant, Grace Gallant and Dale Gallant, Respondents, seeking the care and custody of Lois Jean Gallant, Mary Dale Gallant, Pauline Gallant and Gracie Lee Gallant, minors, and all parties appeared in court in person and by their attorneys and the Respondents produced in court said minor children and the court, having heard the pleadings and testimony, and having, with the consent and by the agreement of all parties, talked with said minors, reserved his judgment on the same and continued said hearing, by and with the agreement of all parties hereto unto this the 27th day of August, 1957, at which time came all parties by their attorneys and the court finding and concluding that this court has jurisdiction of said cause and of said minors, and being of the opinion and finding that the best interest of said minors would be best served by awarding the care, custody and control of said minors as hereinafter set out.

"It is accordingly ordered, adjudged and decreed that the present care, custody and control of said minors, Lois Jean Gallant, Mary Dale Gallant, Pauline Gallant and Gracie Lee Gallant, be, and the same is hereby awarded to the Respondents Lee Gallant and Grace Gallant until the 1st day of June, 1958, subject to the right of Relators Lois Morrow and Albert H. Morrow, to visit with said minors and to have said minors visit with them, both in Houston County and at their home in Brazoria County from December 20, 1957, to December 31, 1957, and at all other reasonable times during said period until June 1, 1958, provided that such other times do not interfere with the education of said minors.

"It is further ordered that costs of this suit be adjudged one-half against Relators and one-half against Respondents, for which let execution issue.

"To all of which rulings and judgment of the court, adverse to them respectively, the Relators Lois Morrow and her husband, Albert H. Morrow, and the Respondents, Lee Gallant and wife, Grace Gallant, then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas sitting at Galveston, Texas."

Mrs. Lois Morrow is the mother of the four children named in the judgment and Mr. and Mrs. Lee Gallant are the paternal grandparents of the children.

The Gallants, in their brief, pray for an affirmance of the judgment, Mrs. Morrow and her husband pray that the judgment below be reversed and judgment rendered awarding them custody and control of the children.

It is our opinion that the judgment is not final and that no appeal lies therefrom. Under such circumstances our jurisdiction is limited to dismissing the appeal.

The judgment by its own terms expires June 1, 1958. Obviously it is temporary in character and nonappealable absent a statute authorizing an appeal. We find no such statute. See 3-A Tex.Jur., Sec. 60 et seq. where judgments and orders appealable are discussed at length. See also Goodman v. Goodman, Tex.Civ.App. Texarkana, 224 S.W. 207.

The appeal is dismissed.

Appeal dismissed.