Mariano MENDOZA, a Minor, Appellant,

v.

D. H. BAKER, Supervisor, Juvenile Detention Home, Harris County, Appellee.

No. 13405.

Court of Civil Appeals of Texas.

Houston.

Dec. 4, 1958.

Robert L. Lowry, Billy E. Lee, and Hill, Lowry, Lee & Koster, Houston, for appellant.

James M. Shatto and Edwin G. Moorhead, Asst. Dist. Attys. of Harris County, Houston, for appellee.

WOODRUFF, Justice.

This is an appeal from an order dated November 19, 1958, entered by the Court of Domestic Relations of Harris County, Texas, refusing to grant appellant, a minor over ten and under seventeen years of age, a writ of habeas corpus releasing him from the custody of D. H. Baker, Supervisor of the Juvenile Detention Home, Harris County, Texas, where he had been placed for detention by virtue of an order entered on November 7, 1958, directing that he be held in custody until final hearing on said case.

The order appealed from recites that after having duly considered the petition the court was of the opinion that petitioner was not illegally restrained of his liberty, "and that it would be to the best interest of said child that he remain in temporary custody pending final hearing in said cause." Appellant duly excepted and gave notice of appeal. No Findings of Fact or Conclusions of Law appear in the record and no contention is made that they were requested.

Attached to appellant's application was a copy of the petition originally filed against him alleging that he was over ten and under seventeen years of age and was a delinquent in that he, on or about October

31, 1958, in Harris County, Texas, did then and there with malice aforethought voluntarily and with malice aforethought kill Albert Felix Morales by shooting him with a gun, and after stating other information concerning the names of his parents and that his father lived at a stated address, it provided that citation, as the law requires, be issued and that he be adjudged a delinquent child.

In the transcript filed by appellant appears the order entered November 7, 1958, reciting that it having been made known to the court on said date that Mariano Mendoza, a child over the age of ten and under seventeen years had been charged in a petition with being a delinquent child and it appearing further that the child was in such conditions and surroundings that his welfare required that his custody be immediately assumed by the court, it was ordered that any probation officer or peace officer take the child and place him in the custody and control of D. H. Baker, Supervisor, Juvenile Detention Home, Houston, Harris County, Texas, until final hearing can be had on the case or pending further orders of the court.

■ Appellant predicates this appeal upon the sole point that the trial court erred in denying his petition because no evidence was introduced showing probable cause for holding appellant. By counterpoint appellee contends that the order appealed from is a temporary order, from which no appeal can be taken to the Court of Civil Appeals. In our opinion this is the cardinal issue in the case.

■ Section 6 of Article V of our State Constitution, Vernon's Ann.St., confers appellate jurisdiction on Courts of Civil Appeals in all civil cases of which the District Courts and County Courts have original or appellate jurisdiction, "under such restric-

tions * * * as may be prescribed by law. * * *"

Article 2249, V.A.T.S., provides that appeals may be taken to the Court of Civil Appeals "from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds $100. exclusive of interest and costs."

It is, therefore, clear from the terms of this statutory provision that appeals in civil cases to the Court of Civil Appeals may be taken only from a final judgment in the District and County Courts.[1]

Under Title 43, V.A.T.S., known as the Juvenile Courts Act, is found Article 2338-1, V.A.T.S., sections 1 and 2, which provide:

"Sec. 1. The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the state; and when said child is removed from his own family, to secure for him custody, care and discipline as nearly as possible equivalent to that which should have been given him by his parents.

"The principle is hereby recognized that children under the jurisdiction of the court are wards of the state, subject to the discipline and entitled to the protection of the state, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them.

"Sec. 2. This Act shall be liberally construed to accomplish the purpose herein sought."

1. There are a few temporary injunctions and interlocutory orders which are appealable under Arts. 2250 and 2251, V.A.T.S., but they are specially enumerated in those statutes and are entirely foreign to habeas corpus proceedings.

Sec. 3. defines the term "delinquent" child.

Sec. 7. of this Article provides for the filing of a petition in those cases in which information has been given that a child is within the provisions of the Act and the judge, county attorney or probation officer, after making a preliminary investigation, determines that it is to the interests of the public or of the child that further action be taken and formal jurisdiction should be acquired.

Sec. 11 of the same Act contains the following provision:

"Sec. 11. Whenever any officer takes a child into custody, he may release said child to a parent, guardian, or any other person upon receipt of a written or oral promise of said person to assume complete responsibility for said child and to have him before the probation officer or the court at any time then, or subsequently, specified by said officer. If not so released, such child shall be placed in the custody of a probation officer or other person designated by the court or be taken immediately to the probation department, the court, or to the place of detention designated by the court. The court may make a general order designating such places of detention which may include private foster or boarding homes for children, or such other places of detention which to the court seem desirable. * * *"

The Court of Domestic Relations of Harris County was created by the terms of Art. 2338-5, V.A.T.S. Sec. 3 thereof confers on that Court jurisdiction to hear certain specified cases including delinquent, neglected and dependent child proceedings, and "all jurisdiction, powers and authority now or hereafter placed in the District or County Courts under the juvenile and child-welfare laws of this State; * * *" and in addition thereto "all cases in which children are alleged or charged to be de-pendent and neglected children or delinquent children as provided by law. * *"

Section 11 of the Act provides as follows:

"Sec. 11. The said Court and the Judge thereof shall have the power to issue writs of habeas corpus and mandamus, injunctions, temporary injunctions, restraining orders, orders of sale, executions, writs of possession and restitution, and any and all other writs as now or hereafter may be issued under the laws of this State by District Courts, when necessary or proper in cases or matters in which said Court of Domestic Relations has jurisdiction, and also shall have power to punish for contempt."

Section 13 provides:

"Sec. 13. Appeals in all civil cases from judgments and orders of said Court shall be to the Court of Civil Appeals of the First Supreme Judicial District as now or hereafter provided for appeals from District and County Courts and in all criminal cases appeals shall be to the Court of Criminal Appeals."

In support of his contention that this Court has jurisdiction of this appeal appellant has cited Ex parte Morris, 147 Tex. 140, 215 S.W.2d 598. That was an original proceeding filed in the Supreme Court and consequently the question of the appellate jurisdiction of the Court of Civil Appeals was not in issue, nor was it discussed. For similar reasons In re Poff, D.C., 135 F. Supp. 224, is not in point.

Also cited is Harbison v. McMurray, 138 Tex. 192, 158 S.W.2d 284–287. In that case an appeal was taken from a decree of a district court refusing to grant the appellant a writ of habeas corpus delivering him from the custody of the sheriff of Rusk County, upon the order of a Notary Public who had by an oral order held him in contempt, assessed a fine of $100 and ordered

him to jail until he consented to answer questions propounded by deposition, pursuant to a commission issued to the Notary for the taking of a deposition in a civil suit. Appellant perfected an appeal to the Court of Civil Appeals wherein it was held that habeas corpus proceedings are criminal in nature and dismissed the cause for want of jurisdiction, and the cause was brought before the Supreme Court on writ of error. In determining that the habeas corpus proceedings were civil in nature and that the Court of Civil Appeals erred in its ruling, the Supreme Court in part said:

"It is the rule in our federal courts, and in those States which do not divide the jurisdiction of their appellate courts as to civil and criminal cases, that a habeas corpus proceeding is a civil remedy, as distinguished from a criminal remedy or proceeding, and that regardless of whether the prisoner is detained under civil or criminal process. * * * Since habeas corpus cases or proceedings are regarded as civil, as distinguished from criminal remedies or proceedings, in those jurisdictions which do not divide the jurisdiction of their appellate courts, as regard criminal and civil cases, we think that in this State, where such division is made, appeals in habeas corpus cases or proceedings growing out of civil proceedings or cases should be classified as 'civil cases' within the meaning of Section 6 of Article V of our State Constitution and Article 2249 of our civil statutes."

It should be noted that the decree of the district court from which the appeal was taken was final in that it denied appellant any relief from the Notary's contempt order until he agreed to comply with its terms.

We have indulged in undue particularity in setting forth the statutory provisions governing not only the jurisdiction of the Court of Domestic Relations of Harris County, Texas, but also the nature of the laws and proceedings under which that court acted in this case. Certainly it cannot be contended that any of these laws which are incorporated in our Civil Statutes are criminal laws. The provisions of the Juvenile Act by their express terms are designed to protect children within the age limits therein set forth, rather than to punish them and the orders of the court here under attack are fully consonent with the terms of that Act.

Moreover, the terms of the decree from which this appeal is taken, entered November 19, 1958, denying appellant's release from appellee's custody, in his capacity of Supervisor of the Juvenile Detention Home, Houston, Harris County, Texas, found as a fact that it would be in the best interest of said child to remain in temporary custody pending final hearing in the delinquency cause.

Although it is argued that the court had indicated his decision before hearing this testimony, appellant's counsel went forward with the court's permission and introduced the testimony of the appellant's father and brother concerning their fitness as proper custodians, and the formal order was entered after that time. Without attempting to state the testimony in detail, it failed to show that appellant's environment would have been any better than it was when he became involved, nor was it shown that there would be any improvement in his supervision.

It may be asserted, however, that this contention is not presented. However, it demonstrates that the court, consistent with the evident intent of the Juvenile Courts Act, was amenable to releasing appellant to a suitable custodian other than appellee pending the trial on the delinquency petition.

Nevertheless, the orders of November 7 and November 19, 1958, were by their terms temporary orders and neither of them was an order from which an appeal can be taken.

In Goodman v. Goodman, Tex.Civ.App., 224 S.W. 207, the litigants were parties in a pending divorce suit wherein the custody of minor children was involved. The appellee filed an application for a writ of habeas corpus and after the hearing the court awarded custody of the children to her "during the pendency of this suit for divorce, and until a final hearing of this cause, or until the further orders of this court." Appellant sought to appeal from this order to the Court of Civil Appeals. In dismissing the appeal, the court said:

"The court is authorized to make temporary orders, as the above order was, pending any suit for divorce. * * * But an appeal does not lie from the above order, because it is merely an interlocutory order, and temporary in its nature, and the statute does not provide for an appeal from a temporary order of this kind."

In Morrow v. Gallant, Tex.Civ.App., 312 S.W.2d 526, 527, wherein a mother of four minor children sought by habeas corpus proceedings to gain their custody from the paternal grandparents, the trial court entered an order on August 27, 1957, awarding the care and custody of the children until June 1, 1958, to the grandparents.

Appellant sought an appeal to the Court of Civil Appeals. In dismissing the appeal, the Court stated:

"It is our opinion that the judgment is not final and that no appeal lies therefrom. Under such circumstances our jurisdiction is limited to dismissing the appeal.

"The judgment by its own terms expires June 1, 1958. Obviously it is temporary in character and nonappealable absent a statute authorizing an appeal. We find no such statute. See 3-A Tex.Jur., Sec. 60 et seq. where judgments and orders appealable are discussed at length. See also Goodman v. Goodman, Tex.Civ.App. Texarkana, 224 S.W. 207."

Appellant has cited a number of decisions involving appeals from the orders of trial courts in refusing to grant writs of habeas corpus. In our opinion they are not applicable to this case and we have omitted discussing them.

We have found no case in which an appeal has been taken from an order of a Juvenile Court in placing the temporary custody of a child with a person other than his parents. We are unable to see that any distinction can be made in principle between a temporary order of child custody pending a final hearing in a child custody or divorce case and a temporary order of custody pending a final hearing in a dependency or delinquency case as contemplated by the provisions of the Juvenile Court Act.

The appeal is dismissed.

BELL, C. J., not sitting.