Raye ANDERSON, Appellant,

v.

CRAIN CHEMICAL COMPANY, Inc., Appellee.

No. 16401.

Court of Civil Appeals of Texas.

Dallas.

July 17, 1964.

Wynne, Jaffe & Tinsley and Yandell Rogers, Jr., Dallas, for appellant.

John C. Cain, Dallas, for appellee.

PER CURIAM.

This is an appeal from an order granting appellee Crain Chemical Company, Inc. a temporary injunction against its former salesman, appellant Raye Anderson, restraining him from competing with appellee for a period of one year after termination of such employment.

It appearing from the record before us that the temporary injunction has expired by its own terms pending this appeal, the questions raised by the appeal have become moot. An actual controversy being essential to the exercise of our appellate jurisdiction, we deem it improper to decide the abstract questions of law presented by the briefs. Swank v. Sharp, Tex.Civ.App., 358 S.W.2d 950, no wr. hist.; McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331; Renfro v. Burrell, Tex.Civ.App., 138 S.W.2d 1110, no wr. hist.; 3 Tex.Jur.2d Appeal and Error—Civil, p. 313, § 50, p. 320, § 55. The question of liability for costs does not prevent the case from becoming moot. Isbell v. Rednick, Tex.Civ.App., 193 S.W.2d 736.

Accordingly the appeal is dismissed, without prejudice, however, to the rights, if any, of either party to assert liability on the temporary injunction bond or the appeal bond.

The costs of the appeal are taxed against the parties incurring the same. Isbell v. Rednick, Tex.Civ.App., supra. The costs in the trial court will be appropriately taxed by that court in rendering final judgment.

Appeal dismissed.