**Lee Baird AFFOLTER, Appellant,**

v.

**Hermelinda Camberos AFFOLTER, Appellee.**

**No. 112.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 22, 1965.

---

Arthur A. Klein, Harlingen, for appellant.

A. G. Betancourt, Joe W. Walsh, Brownsville, for appellee.

GREEN, Chief Justice.

Following a non-jury trial, the district court of Cameron County, Texas, entered a judgment on June 11, 1964, granting to appellant, plaintiff below, a divorce, disposing of community property, and awarding custody of Terry Lee Affolter, 4 year old child of the parties, to appellant upon the following expressed conditions:

(1) The child is not to be taken out of Cameron County, Texas, until further orders of the Court.

(2) That Miss Sylvia Affolter, sister of the Plaintiff herein, remain in Cameron County and assist the Plaintiff in taking care of the child.

(3) That the Defendant be allowed to have visitation privileges with said child on Sunday of each week hereafter from 8:00 a. m. to 6:00 p. m.; Plaintiff is to deliver said child and return for him at the appointed time; and that Defendant shall not remove said child from the environs of Rio Hondo, Texas.

Shortly thereafter, and also on June 11, 1964, the court, on his own motion and without notice to the parties, entered a subsequent order wherein, after stating that it had been made known to him by counsel for the plaintiff that one of the conditions on which the award of custody was made is not being met, to wit, that plaintiff's sister remain in Cameron County and assist in caring for the minor, the court

"* * * ordered, adjudged and decreed that the judgment of the court dated June 11, 1964, regarding the custody of the minor child be and the same is hereby set aside until further hearing on the merits regarding the same.

"It is further ordered, adjudged and decreed that, pending hearing on the merits regarding custody of the said minor child, Terry Lee Affolter, his temporary custody is awarded to Plaintiff, Lee Baird Affolter, on Wednesday, Thursday and Friday and Saturday of each week, and temporary custody of said minor child is awarded to the Defendant, Hermelinda Camberos Affolter, on Sunday, Monday and Tuesday of each week, conditioned that neither party shall remove the said child from Cameron County, Texas, pending hearing on the merits, and Plaintiff will deliver the said child to Defendant at 8:00 o'clock a. m. on each Sunday morning and return for the said child on each Wednesday morning at 8 o'clock a. m.

"It is further ordered that the Court's judgment regarding divorce and community property division will stand and shall be incorporated in the final order entered herein."

This appeal is from that portion of the original judgment whereby the custody awarded appellant of his son was conditioned on the child not being taken out of Cameron County, Texas, and that the sister of appellant, a resident of Ohio, remain in Cameron County, Texas, to assist in caring for the child; and from the subsequent order setting aside the custody part of the judgment and awarding the divided custody as above set forth.

That the trial court had the authority and jurisdiction to enter the second order of June 11, 1964, is well settled. A district court has jurisdiction for 30 days following the rendition of a judgment to set aside, modify or amend same, without the necessity of a formal motion, and even

upon his own motion. Rule 329b, Texas Rules of Civil Procedure; McDonald, Tex. Civ.Practice, Vol. 4, § 18.03; Whisenant v. Fidelity & Casualty Co. of New York, Tex.Civ.App., 354 S.W.2d 683, writ ref. n. r. e.; Payton v. Hurst Eye, Ear, Nose & Throat Hospital and Clinic, Tex.Civ. App., 318 S.W.2d 726, writ ref. n. r. e.; Gage v. Dallas Power & Light Co., Tex. Civ.App., 241 S.W.2d 196; St. John v. Archer, Tex.Civ.App., 147 S.W.2d 519, writ dism. Since the court set aside, in his second order, all of that portion of his first decree providing for custody of the child, appellant's purported appeal from that part of the judgment is from something which no longer exists.

After the court entered his second order, no final judgment remained from which appeal could be taken. See opinion of this court delivered April 15, 1965, in Angerstein v. Angerstein, Tex.Civ.App., 389 S.W.2d 519. The order awarding the divided temporary custody of the child was expressly stated to be only temporary, pending further hearing on the merits concerning such custody. There is no provision in our laws for an appeal from an order of temporary custody. Goodman v. Goodman, Tex.Civ.App., 224 S.W. 207;

Wardlaw v. Wardlaw, Tex.Civ.App., 267 S.W.2d 250; Morrow v. Gallant, Tex.Civ. App., 312 S.W.2d 526; Mendoza v. Baker, Tex.Civ.App., 319 S.W.2d 147.

■ The order expressly anticipated a further hearing on the issue of child custody, and the entry of final judgment covering all issues in the suit. It was an interlocutory order, from which no appeal could be had. Long v. Humble Oil & Refining Co., Tex.Sup., 380 S.W.2d 554; Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280; Angerstein v. Angerstein, supra, and cases therein cited.

■ This court would be committing fundamental error in taking jurisdiction of this appeal for the purpose of deciding it on the merits, and we are not only authorized, but required to pass upon matters of our jurisdiction even though not raised by the parties. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265.

The trial court should proceed with the hearing on child custody, make his determination, and enter one final judgment in the case. Rule 301, T.R.C.P.

Appeal dismissed.