**Ex parte Tony Lynn FRANKLIN, a Minor.**

**No. 7524.**

Court of Civil Appeals of Texas.

Amarillo.

June 21, 1965.

Rehearing Denied Sept. 7, 1965.

Huffaker & Green, Tahoka, for appellant.

Huff & Bowers, Lubbock, for appellee.

CHAPMAN, Justice.

This is an appeal by Lloyd Martin Franklin, father of Tony Lynn Franklin, a child born on February 22, 1961, from an order of the 140th District Court sitting as a juvenile court of Lubbock County from a judgment of that court denominated "Order of Temporary Custody" awarded by the court to Mrs. Pauline Johnson and her husband, Horace H. Johnson, "pending a hearing on the merits herein."

The parties to whom temporary custody was awarded had kept the minor child in their home since June 27, 1961, until October 14, 1964. At the time the Johnsons acquired physical custody the child was released to them by its mother, who obtained custody of such child in her divorce from Lloyd Martin Franklin two months later. The mother decided she would join the Navy the following January and relinquished custody of the child to its father after it had been granted to her in the divorce proceeding. However, the Johnsons continued to keep the physical custody until October 14, 1964, at which time the father came and took the child away. The record shows the father had made payments to the Johnsons of approximately $50.00 each month for the support of the child for a year and ten months prior to June 16, 1964, at which time Mrs. Johnson filed a petition alleging the child to be dependent and neglected. This case must be reversed for another reason, so a discussion of the amount of the payments is immaterial in this opinion.

The hearing from which the above described judgment and order was issued by the court was had on November 13, 1964. Prior to the hearing the father demanded a jury and deposited the customary jury fee. A jury was denied by the court and that point, among many others, was properly preserved. We believe this one point is decisive of the case.

Article 2334, Vernon's Ann.Tex.Civ.St., under Title 43 styled "Courts-Juvenile," the same title making provision for a "dependent or neglected child" provides:

"Any person interested in any case under this title may appear therein and may be represented by counsel, *and may demand a jury as in other cases.* If no jury is demanded, it shall be deemed to have been waived. The judge of the court, of his own motion, may order a jury to try such case." (Italics added.)

Neither party to the suit has cited any case directly construing the statute as to whether the right of a jury trial provided in the statute just quoted is directory or mandatory, nor have we found one. We hold it is mandatory and that a parent is entitled to have a jury pass upon the important question as to whether his or her child is a dependent or neglected child within the purview of Article 2330 et seq., V.T.C.S.

The Dallas Court of Civil Appeals in Bee v. Robbins, Tex.Civ.App., 303 S.W.2d 827 (N.W.H.) said:

"The question of the dependency of a child is a fact question, which in jury cases must be submitted to the jury if the evidence is controverted, or is sufficiently contradictory to raise a doubt, or if the only testimony comes from an interested witness. The finding of the

jury is binding on the court unless it is contrary to the overwhelming weight of the evidence."

In Mitchell v. Davis, Tex.Civ.App., 205 S.W.2d 812, 12 A.L.R.2d 1042 (writ refused) the court held:

"Also properly left for determination by the jury was the fact question of neglect relative to appellant. 'Whether a child is a neglected child under the law is a fact question. 43 C.J.S. Infants § 98, page 230. The court having submitted such question to the jury under appropriate instructions and the jury having found that the children were neglected children, such finding being supported by ample evidence, is binding upon this court.'"

Article 4639a, as amended Acts 1961, 57th Leg., p. 663, ch. 305, sec. 1, provides in part as follows:

"In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination."

Prior to the amendment just quoted the finding by a jury was only advisory in child custody cases. Bee v. Robbins, supra. Prior to such amendment it had even been held that the court might refuse to permit a jury trial in child custody matters. Erwin v. Williams, Tex.Civ.App., 253 S.W.2d 303 (N.R.E.) and cases there cited. Our court in construing the 1961 amendment to Article 4639a has held:

"This amendment was obviously intended to make juries' verdicts relative to custody of minor children binding upon the court and not merely advisory." Fatheree v. Eddleman, Tex. Civ.App., 363 S.W.2d 784 (N.W.H.).

The so-called "Order of Temporary Custody" made a judicial determination that:

"Tony Lynn Franklin, is hereby declared and found to be a dependent and neglected child as that term is defined by the laws of the State of Texas at the time of the filing of this petition on June 16, 1964, and at the time of this hearing."

It is true that only temporary custody was awarded which was an interlocutory judgment, not final and not subject to appeal. Affolter v. Affolter, Tex.Civ.App., 389 S.W.2d 742 (N.W.H.); Goodman v. Goodman, Tex.Civ.App., 224 S.W. 207 (N.W.H.); Wardlaw v. Wardlaw, Tex.Civ.App., 267 S.W.2d 250 (N.W.H.); Morrow v. Gallant, Tex.Civ.App., 312 S.W.2d 526 (N.W.H.); Mendoza v. Baker, Tex.Civ.App., 319 S.W.2d 147 (N.W.H.). However, there is not anything in such order to indicate the finding of dependency and neglect was temporary. In fact, it is difficult to see how the court on November 13, 1964, could temporarily judicially find the child to be dependent and neglected on the dates stated. Thus, the father upon a final hearing for custody would be faced with a final decree that the child was on such dates a dependent and neglected child.

Our opinion here could not change the ultimate proceedings except as to that part involving the dependency and neglect question, since the custody award was only temporary.

■ Therefore, we believe the father of the child is entitled to have a jury pass upon whether his child was dependent and neglected on the dates found and not have to be faced with that handicap on the final custody hearing. The judgment of the trial court wherein it finds the child to be dependent and neglected on the dates named is reversed and remanded. There are numerous other serious questions in the case; but since we are certain of our dis-

position of the point discussed, it would only extend this opinion to discuss the other questions.

The judgment of the trial court is reversed and remanded.