THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



WAGGONER CARR
ATTORNEY GENERAL

March 8, 1966

Hon. Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. C- 633

Re: Whether a jury fee should
be paid in a juvenile case
before a jury is allowed
any party, and related
questions.

Dear Mr. Resweber:

By your letter of February 1, 1966, you have requested
an opinion in regard to the above stated matter. Your letter
specifically contains the following questions:

"1. Should a jury fee be paid in a
juvenile case before a jury is allowed any
party?

"2. Should court costs be collected in
contempt proceedings, where an adult party
has been cited for contempt, for failure to
pay child support in accordance with previous
orders of the Juvenile Court, and found guilty
thereof?

"3. If either of the above questions is
answered in the affirmative, who is responsible
for these fees and court costs?"

The above questions will be considered in light of
Article 2338-1, Vernon's Civil Statutes, which govern juvenile
delinquency cases, and Articles 2330 to 2337 (inclusive) which
govern juvenile dependency and neglect cases.

Section 13 of Article 2338-1 provides in part as
follows:

"The Judge may conduct the hearing in
an informal manner and may adjourn the hearing
from time to time. . . .If no jury is demanded
the judge shall proceed with the hearing. . . ."
(Emphasis added).

Subsection (3) of Section 13 of Article 2338-1 states in part:

"No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court." . . .(Emphasis added).

Section 21 of Article 2338-1 provides, in part, as follows:

"An appeal may be taken by any party aggrieved to the Court of Civil Appeals and the case may be carried to the Supreme Court by writ of error or upon certificate as in other civil cases." (Emphasis added).

In Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944), the Court states at page 274:

"The act /2338-17 provides for a jury trial when a jury is demanded, and authorizes the trial court to order a jury on its own motion. Nothing is said about the payment of a jury fee. . . .We think, however, that the whole act discloses that the legislature intended that proceedings instituted thereunder should be governed as far as practicable by the rules relating to civil practice." (Emphasis added).

In Steed v. State, 143 Tex. 82, 183 S.W.2d 458 (1944), the Court stated at page 459:

". . .the legislature has made it abundantly clear that this is a civil matter, and this court has followed the plain legislative intent. It follows from this conclusion. . .that the rules of procedure relating to civil actions are applicable to this case." (Emphasis added).

The Court of Criminal Appeals also takes the position that Article 2338-1 is a civil statute and proceedings thereunder,

including commitment, are civil and not criminal in nature. Hultin v. State, 171 Tex.Crim. 475, 351 S.W.2d 248 (1961).

In Re Gonzales, 328 S.W.2d 475 (Tex.Civ.App. 1965, error ref. n.r.e.), the Court stated at page 477:

> "A jury trial may be had only by complying with Texas Rules of Civil Procedure." (Emphasis added).

Article 2334, which concerns dependent and neglected child cases, states:

> "Any person interested in any case under this title may appear therein and may be represented by counsel, and may demand a jury as in other cases. If no jury is demanded, it shall be deemed to have been waived. The judge of the court, of his own motion, may order a jury to try such case." (Emphasis added).

The same language quoted above can be found in Paragraph 3 of Article 2337, which concerns a hearing on support payments, after a finding of neglect and dependency.

There are no cases specifically holding that a party demanding a jury according to Article 2334 or 2337, must comply with the Texas Rules of Civil Procedure. However, in Ex Parte Franklin, 393 S.W.2d 632 (Tex.Civ.App. 1965, no writ history), the Court states at page 633:

> "The hearing from which the above described judgment and order was issued by the court was had on November 13, 1964. Prior to the hearing the father demanded a jury and deposited the customary jury fee." (Emphasis added).

In light of the above quoted authorities, it is our opinion that juvenile cases under Article 2338-1 and Articles 2330-2337 (inclusive) are civil. In order to obtain a jury trial in a civil case, either Rule 216 or 217, Texas Rules of Civil Procedure must be satisfied. Rule 216 states:

> "No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court and three dollars if in the county court be deposited by the applicant with the clerk

to the use of the county on or before appearance day, or if thereafter a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet."

Rule 217, states:

"The deposit for a jury fee shall not be required when the party shall within the time for making such deposit, file with the clerk his affidavit to the effect that he is unable to make such deposit and that he cannot, by the pledge of property or otherwise obtain the money necessary for that purpose; and the court shall then order the clerk to enter the suit on the jury docket."

In order to demand a jury under the above stated rules, a party must either pay the fee or file the affidavit of inability to pay. Therefore, it is our opinion that these rules must be complied with in cases arising under Article 2338-1 and Articles 2330-2337 (inclusive).

Question #2 concerns contempt proceedings under Article 2337 and Section 13-A of Article 2338-1, for failure to comply with support orders entered in both dependency cases and delinquency cases. Article 2337 provides, in part, as follows:

". . .It is further provided. . .that such parent or other responsible person shall pay in the manner directed by the court such sum as will in whole or in part support such child. . . .The court shall have full power to enforce said judgments for support by civil contempt proceedings. . . ."

Section 13-A of Article 2338-1, has the same language as quoted above from Article 2337, giving the Court contempt power following a finding of delinquency.

Having concluded above that cases under Article 2338-1 and Articles 2330-2337 (inclusive) are civil cases, then it follows that contempt proceedings under these Articles must necessarily be civil, and therefore subject to the same rule of costs as in other civil cases. Rule 125, Texas Rules of Civil Procedure provides:

"Each party to a suit shall be liable to
the officers of the court for all costs in-
curred by himself."

Rule 127, Texas Rules of Civil Procedure, provides:

"Each party to a suit shall be liable
for all costs incurred by him. If the costs
cannot be collected from the party against
whom they have been adjudged, execution may
issue against any party in such suit for the
amount of costs incurred by such party, but
no more."

Rule 145, Texas Rules of Civil Procedure, provides in
part as follows:

"A party who is required to give security
for costs may file with the clerk or justice
of the peace an affidavit that he is too poor
to pay the costs. . . ."

Attorney General's Opinion No. V-1484 (1952), states
in part as follows:

". . .And costs are assessable in all
civil actions unless an applicable statute
expressly provides otherwise." (Emphasis
added).

No statutes expressly exempt assessment of costs in
contempt proceedings following support orders under Article
2338-1 or Articles 2330-2337 (inclusive). Also, it is noted
that in contempt proceedings for child support following a
divorce action costs are assessed. Livingston v. Nealy, 382
S.W.2d 511 (Tex.Civ.App. 1964, error ref. n.r.e.). Ex Parte
Helms, 152 Tex. 480, 259 S.W.2d 184 (1953).

Therefore, it is our opinion that Question #2 must
be answered in the affirmative. Costs should be assessed in
contempt proceedings in accordance with the above quoted rules
of procedure.

Question #3 poses the problem of who is liable for
jury fees under Articles 2338-1 and 2330-2337 (inclusive); And
the problem of who is liable for costs in contempt proceedings
under Articles 2338-1 and 2330-2337 (inclusive).

It is this office's opinion that the party demanding
jury trial under Articles 2334, 2337 or 2338-1 must pay fees in

compliance with Rules 216 and 217, Texas Rules of Civil Procedure.

It is our further opinion that costs should be assessed against the defendant in contempt proceedings under Article 2337 or Article 2338-1 as provided for by Rules 125, 127 and 145, Texas Rules of Civil Procedure.

## S U M M A R Y

A jury fee should be paid in compliance with Rules 216 and 217, Texas Rules of Civil Procedure, for juvenile cases arising under Article 2338-1 or Articles 2330-2337 (inclusive).

Court costs should be collected in contempt proceedings under Article 2337 or Section 13-A of Article 2338-1. Such costs should be assessed the defendant in accordance with Rules 125, 127 and 145, Texas Rules of Civil Procedure.

Very truly yours,

WAGGONER CARR
Attorney General

By: James C. McCoy
James C. McCoy
Assistant

JCMcC:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
H. Grady Chandler
Pat Bailey
Milton Richardson
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright