**Ex parte Willard VITAL, Relator.**

No. 15886.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 13, 1972.

Rehearing Denied Feb. 3, 1972.

**452**

Asberry B. Butler, Jr., Houston, for appellant.

George E. Donalson, Houston, for appellee.

COLEMAN, Justice.

This is a habeas corpus proceeding. Relator has been confined by reason of a conviction of contempt of court for his failure to make payments for the support of his child as required by an order of the Court of Domestic Relations No. 4, Harris County, Texas.

Relator contends that he is unlawfully detained by reason of the fact that the support order was rendered after a hearing at which he was not present, and of which he had no notice.

The record shows that Ester Vital filed her amended petition for divorce on April 14, 1971. The petition asked that the trial court grant her temporary custody of a minor child of the marriage and that the court enter a temporary order requiring Relator to contribute to the support of the minor child pending final hearing. Citation was issued on April 16, 1971. A show cause order setting a hearing for May 3, 1971, attached to the petition, was signed by the trial judge. The citation together with a certified copy of the petition including the show cause order was delivered to the constable for service. His return shows that service was had on Willard Vital on April 19, 1971, at 11:00 A.M.

There is an order, signed and entered on May 3, 1971, ordering Relator to pay the sum of $60.00 each week for the support of his minor child. On May 10, 1971, he filed an answer to the divorce petition. On June 22, 1971, Ester Vital filed an affidavit charging Relator with contempt of court in that he was $180.00 in arrears in his child support payments. A hearing was set for July 22, 1971. Relator was duly cited to appear. A docket entry shows that he was found to be $360.00 in arrears on that date, and that upon payment of $200.00 the hearing was recessed until September 2, 1971. On September 2, 1971, the docket entry reflects that Mr. Butler was substituted as the attorney for Relator, and that Relator was found to be $345.00 in arrears. He was found guilty of contempt, but was permitted to purge himself by paying $140.00, and the matter was reset until October 7, 1971. On September 24, 1971, Relator was found guilty of contempt growing out of harassment of Ester Vital and was fined $50.00. On October 14, 1971, after a hearing at which Relator was present, he was found to be in arrears in his support payments in the sum of $360.00. The trial court entered an order that he be confined in the county jail for three days and thereafter until he purged himself of contempt by paying $360.00, plus $75.00 attorney's fee, and the costs of court. It is to free himself from confinement by virtue of this order that Relator has invoked our jurisdiction.

■ This is not an appeal from the order of the trial court requiring support payments or from the order finding Relator in contempt for failing to make the payments required thereby. We are not authorized to reverse these orders of the trial court even though it should appear that the trial court was in error in entering them. This court can order Relator's release only if it should appear that the order committing him to jail is absolutely void, as in a case where the court lacked jurisdiction of his person. Ex parte Duncan, 42 Tex.Cr.R. 661, 62 S.W. 758 (1901).

In support of his contention that the order of May 3, 1971, is void because he was not served with citation and consequently had no notice of the hearing at which that judgment was rendered, Relator has presented to the Clerk of this court for filing what purports to be a transcript of the testimony given at the contempt hearing held on September 24, 1971. It is certified by the official court reporter of the Court of Domestic Relations No. 4, but is not approved by the attorneys in the case, or by the judge of the court, as is required by the Rules of Civil Procedure in the case of an appeal.

■ The statement of facts which has been presented to this court contains the testimony taken at a previous contempt hearing in the same case. This statement cannot be considered in this proceeding. We are not concerned with the validity of the court's order growing out of the contempt hearing held on September 24, 1971. We cannot disregard the possibility that additional testimony concerning the service of the citation might have been presented at the trial held on October 14, 1971.

■ The questioned citation was issued on an amended petition possibly filed because the parties had become reconciled after the filing of the original petition. Relator had filed an answer to the original petition. The record does not contain an order dismissing the original action, or anything establishing that a reconciliation had been attempted. Under these circumstances actual knowledge of the date of the hearing at which the judgment ordering child support was rendered would satisfy the requirements of due process. Ex Parte Herring, 438 S.W.2d 801 (Tex.1969).

A Law Review article by the Honorable Joe Greenhill, Associate Justice of the Supreme Court of Texas, and Martin I. Beirne, entitled "Habeas Corpus Proceedings in the Supreme Court of Texas" appeared in Vol. 1, pg. 1, St. Mary's Law Journal. This article charts the course for the lawyer seeking a writ of habeas corpus in the Supreme Court of Texas, and the same rules are followed, in general, by this court. In this article the authors state:

"A statement of facts is also required where the granting of the writ of habeas corpus turns upon factual evidence, such as the inability to perform an order. . . .

". . . If the relevant testimony is disputed, and the court finds the facts in a particular manner, that usually determines the matter as far as the Supreme Court is concerned. . . .

"It will greatly assist the Relator in procuring a writ of habeas corpus if careful groundwork is done at the contempt hearing in the trial court. The testimony of impossibility or other justifiable grounds for noncompliance with the order of the trial court must be brought to the Supreme Court in a statement of facts."

In Ex Parte Morris [147 Tex. 140] 215 S.W.2d [598] 599 (Tex.1948), the Supreme Court said:

"In habeas corpus proceedings we do not consider the evidence in the sense that we act as a court of review, but we do consider the entire record, including the evidence offered at the contempt hearing, to determine whether or not due process has been accorded relator. . . ."

**454**

The record in this case reflects that Relator was found guilty of contempt of court, after a hearing at which he was present in person and by attorney, by reason of the violation of an order of the court entered after a hearing at which Relator was not present, but of which he had due notice. In the absence of a statement of facts showing what transpired at the contempt hearing, there is nothing before us from which the conclusion could be drawn that Relator was denied due process.

The writ of habeas corpus is denied and Relator is ordered remanded to the custody of the Sheriff of Harris County, Texas.