Renwick V. STEPHENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 18459.

Court of Civil Appeals of Texas, Dallas.

Oct. 24, 1974.

Rehearing Denied Nov. 14, 1974.

Tom Barr, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty. of Dallas County, Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Renwick Stephenson, a minor, filed his petition for habeas corpus in the Juvenile Court of Dallas County alleging that he was being illegally confined and restrained by George Looney, Chief Probation Officer of the Dallas County Juvenile Department. In his petition he alleged that there had been no detention hearing and that there was no showing of probable cause to believe that he had committed a crime or that he would abscond. After a hearing it was ordered that the petition for writ of habeas corpus be refused and that the minor be remanded to the custody and restraint of the Chief Probation Officer.

We hold that the order of the juvenile court is not a final judgment of which this court has appellate jurisdiction and therefore we dismiss the appeal. The same question was presented in Mendoza v. Baker, 319 S.W.2d 147 (Tex.Civ.App.— Houston 1958, no writ). In that case the minor was alleged to have committed a felony and was being held by the supervisor of the juvenile detention home of Harris County, Texas. An application for habeas corpus was made to the Domestic Relations Court of Harris County seeking release of the minor. Following a hearing the application was denied and an appeal taken to the court of civil appeals. In that court the appellant's sole point of error, as in the case at bar, was that there was no evidence showing probable cause for holding the appellant. The court held that the trial court's refusal to grant the writ of habeas corpus was a temporary and interlocutory order and dismissed the appeal relying upon such cases as Goodman v. Goodman, 224 S.W. 207 (Tex.Civ.App.— Texarkana 1920, no writ) and Morrow v. Gallant, 312 S.W.2d 526 (Tex.Civ.App.— Austin 1958, no writ).

An additional reason is apparent in this record why the appeal should be dismissed. The question presented has become moot. A case becomes moot when any judgment cannot have any practical legal effect upon a then existing legal controversy. McNeill v. Hubert, 119 Tex. 18, 22, 23 S.W.2d 331, 333 (1930); Anderson v. Crain Chemical Co., 381 S.W.2d 364 (Tex.Civ.App.—Dallas 1964, no writ). It appears in this record that the minor appellant has been certified as an adult and his counsel admits in open court that such minor is now being held by the Sheriff of Dallas County, Texas and not by the juvenile authorities. Accordingly, a reversal of the juvenile court's order would have no practical legal effect and would constitute an exercise in futility. To se-

cure his release from present confinement appellant has an adequate remedy by applying for a writ of habeas corpus to a criminal district court.

The appeal is dismissed.