OPINION
PER CURIAM.
Appellant attempts to appeal from the denial of a petition for writ of habeas corpus in a juvenile proceeding. On September 5, 1985, J.L.D., a juvenile, filed an application for writ of habeas corpus in the 36th Judicial District Court of San Patricio *396 County, alleging that he was being held unlawfully since there was “no sufficient cause requiring him to be detained or confined.” A detention order was annexed to and made a part of the application for writ of error. The detention order, signed on September 4, 1985 and issued pursuant to Texas Family Code 54.01 (Supp.1985), reads in pertinent part as follows:
“[t]he Court found that THERE IS PROBABLE CAUSE to believe that J.L.D. has engaged in delinquent conduct. [T]he Court finds that the child should be detained by reason of the following: Said child is likely to abscond or be removed from the jurisdiction of the Court; said child is accused of committing a felony offense and may be dangerous to himself or others if released; IT IS THEREFORE ORDERED that the child be detained in the San Patricio County Juvenile Detention Facility and remain there until the conclusion of a disposition hearing or until further order of the Juvenile Court, but in no event shall he or she remain there more than ten days without further proceedings under section 54.01 of the Texas Family Code.”
The trial court denied the petition for writ of habeas corpus on September 9, 1985. This Court received the transcript in this cause on October 7, 1985.
The question before us is whether this Court has jurisdiction to entertain an appeal from an order denying a petition for writ of habeas corpus based on a detention order (a temporary order) issued pursuant to 54.01 of the Texas Family Code.
Juvenile proceedings are civil in nature and thus governed by the Texas Rules of Civil Procedure. Carrillo v. State of Texas, 480 S.W.2d 612 (Tex.1972); Brenan v. Court of Civil Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.1968); Starks v. State of Texas, 449 S.W.2d 559 (Tex.Civ.App.—Eastland 1969, writ ref’d); In the Matter of R.A.B., 525 S.W.2d 892 (Tex.Civ.App.—Corpus Christi 1975, no writ); TEX.FAM.CODE ANN. 51.17 (Vernon 1975). The Family Code specifically allows for appeals in juvenile proceedings in certain instances. TEX.FAM.CODE ANN. 56.01 (Vernon 1975). For example, it allows for appeals from an ajudication order, and a disposition order, but contains no provision for an appeal from a detention order (a temporary order), whether direct or by ha-beas corpus proceedings.
This is an attempt to appeal from a temporary and interlocutory order. No legislative authority exists, which would allow this Court to review by appeal an order denying a petition for writ of habeas corpus based on a temporary interlocutory detention order. In addition, the only case law we have found also holds this type of appeal impermissible. Mendoza v. Baker, 319 S.W.2d 147 (Tex.Civ.App.—Houston [1st Dist] 1958, no writ); Stephenson v. State of Texas, 515 S.W.2d 362 (Tex.Civ.App.—Dallas 1974, writ dism’d).
We pause to note that the detention order expired by its own terms before the transcript was ever received in this Court. Furthermore, assuming that this cause was appealable, appellant did not comply with TEX.R.CIV.P. 355. Rule 355 reads in pertinent part:
When the appellant is unable to pay the cost of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by filing with the clerk, within the period prescribed by Rule 356, his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor. (Emphasis added.)
Without considering whether appellant’s Affidavit of Indigency is in fact a proper pauper’s affidavit in lieu of bond, it is enough that the record reflects appellant never filed this document with the District Clerk as required by TEX.R.CIV.P. 355 and thus has not properly perfected an appeal. The affidavit of indigency was received in this Court on October 7, 1985.
Having considered all of the documents on file, we are of the opinion that all pending motions should be dismissed and the *397 attempted appeal be dismissed for want of jurisdiction.
Appeal dismissed.