James Weldon HOOD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20694.

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1964.

Charles F. Cockrell, Jr., Nick C. Nichols, Levert J. Able, Houston, Tex., for appellant James Weldon Hood.

Scott T. Cook, James R. Gough, Asst. U. S. Attys., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, BREITENSTEIN,* and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant, a bankrupt, appeals from a judgment finding and holding him in

* Of the Tenth Circuit, sitting by designation.

criminal contempt of the United States District Court for the Southern District of Texas. The contempt allegedly consisted of the violation of an order of that court, entered under date of October 26, 1962 requiring him to turn over a check made payable to him by the Chase Manhattan Bank of New York to the Trustee in Bankruptcy. The check in question represented a part of the interest of appellant in the profit sharing plan of a former employer.

It is undisputed that he received the check and failed to turn it over to the Trustee. Instead, he cashed it, placed the proceeds in a bank safety deposit box, and used a portion of the proceeds. However, the sum of the check had been paid to the Trustee by appellant prior to the issuance of the contempt show cause order.[1]

■ The crux of this appeal is whether the District Court entered the order which appellant is said to have violated. The contempt as charged is set out, following Rule 42(b), F.R.Crim.P., in a notice to appellant in the form of a show cause order. Jury trial was waived. Having been adjudged guilty, appellant was sentenced to a period of confinement of thirty days, and remanded to the Attorney General. This appeal followed.

■ The validity of the conviction depends on whether there was proof of guilt beyond a reasonable doubt. In a criminal contempt proceeding, the accused is clothed with the presumption of innocence and the government has the burden of proving guilt beyond a reasonable doubt. Michaelson v. United States ex rel. Chicago, St. P. M. & O. R. Co., 1924, 266 U.S. 42, 45 S.Ct. 18, 69 L. Ed. 162; Green v. United States, 1958, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672; and Cliett v. Hammonds, 5 Cir., 1962, 305 F.2d 565. A determination of this question depends, not on the conduct of appellant in violating the order of the Referee which we do not approve, but indeed condemn, and for which there was a sufficient basis for a finding that it was contumacious, but on the welter of orders and writings entered by two different Referees, and finally on the context of the order of the District Court.

Appellant filed a voluntary petition in bankruptcy in 1961. Prior to a short tenure as president of another corporation, he had been employed by National Lead Company and had accumulated some $26,000 in the profit sharing plan of that organization. Under the terms of the plan this amount would be paid to him after an interim period in five annual installments. He had collected one payment prior to bankruptcy and the others were due on July 6 in the years 1962 through 1965. He showed his interest in this plan on one of the schedules filed with his bankruptcy petition, and claimed that it had no present value.

On June 13, 1962, the then Referee in Bankruptcy entered an order requiring him to turn over to the Trustee "if, as and when he receives it, a check from the Chase Manhattan Bank, Trustee of the National Lead Company Employees' Profit Sharing Trust, which check will represent the installment to be paid the bankrupt this year from the interest he acquired in the National Lead Company's

---

1. We note that the record discloses that appellant was charged under a two count felony indictment, returned on February 18, 1962, with concealing the assets represented by the check. The Referee in Bankruptcy certified to the District Court on February 19, 1962 that appellant, in the opinion of the Referee, had committed acts constituting criminal contempt. Appellant paid the amount of the check over to the Trustee on February 20, 1962. He had been arrested on a warrant issued pursuant to the indictment and held in jail for three days pending release on bond in the amount of $25,000. The substance of questioning on this trial by the Assistant United States Attorney was that appellant paid the money over in order to get his bond reduced to $5,000. Because of its irrelevancy, we need not consider the question of an abuse of the processes of the court in effecting the collection in this manner, nor need we decide whether the imprisonment was for debt.

Employees Profit Sharing Plan." Rather than avoiding this narrow, summary order to which neither the bank nor National Lead were parties by taking the payment in cash, or through assignment to another, appellant filed a motion for an order to withdraw from the estate as exempt property any interest acquired by him in the profit sharing plan. A new Referee filed a "Memorandum" under date of September 6, 1962 deciding this motion adversely to appellant. It was not entered as an order. It dealt mainly with the view of the Referee that the claim for exemption came too late, and that it was without merit in that the bankrupt had a vested right from the time of the termination of employment to receive the funds due under the plan. The turnover order was mentioned in the memorandum only in the following terms, where, after denying the motion, the Referee said:

"The turnover order of June 13, 1962 remains in effect."

The Referee next entered an order under date of September 26, 1962 denying the motion of appellant to withdraw the assets. It is to be distinguished from the document entitled "Memorandum" of September 6, 1962. This order recited:

"It is further Ordered that the Court's Turnover Order dated June 13, 1962, shall remain in full force and effect."

This Referee then entered findings of fact and conclusions of law under date of October 2, 1962. This document or writing, like the memorandum, was not in the form of an order, but did recite the fact of the turnover order of June 13, 1962. It made no mention of it otherwise. Appellant then petitioned the District Court for review of the order of the Referee entered on September 26, 1962 on his motion. It was the only order entered by the Referee on the motion. This petition was denied by the District Court under date of October 26, 1962 in the following terms:[2]

"Bankrupt's petition for review, as amended, of Referee's Order denying the 'Motion for an Order to Withdraw Certain Assets by Bankrupt' and reaffirming the Turnover Order of June 13, 1962 is denied.

"Referee's opinion of September 6, 1962 is approved, and his findings of fact and conclusions of law dated October 2, 1962 are adopted."

This is the only order of the District Court appearing of record before us. It does not approve the turnover order of June 13, 1962. The only reference made to it is in the sentence denying the petition to review the order of the Referee. That order is described as having denied the motion to withdraw assets and as having reaffirmed the turnover order. The court simply denied the petition to review. It did not make the turnover order the order of the District Court or in any way adopt it in spite of the fact that this was the only order entered by the Referee in the matter other than the original turnover order of June 13, 1962. This action of the court, or its failure to act, is to be compared with its action of approving the "Memorandum", of September 6, 1962, and adopting the findings of fact and conclusions of law of October 2, 1962.

It becomes clear then that there was no order of the District Court that appellant turn over the check, except by implication, for appellant to violate. He was not charged with violating the order of the Referee. He was charged with criminal contempt of the authority of the District Court "in that on October 26, 1962 * * * the * * * the United States District Judge for the Southern District of Texas, ordered the Bankrupt * * * to turn over to the Trustee in Bankruptcy a certain check * * *."

2. An appeal was taken to this court from the order of October 26, 1962, and is presently under submission. It is styled Hood, Bankrupt v. Hugghins, Trustee,

No. 20,234. We need not consider the validity of the turnover order in the disposition of this appeal.

This was the language of the order to show cause directed to appellant by the District Court, and against which appellant was to defend. It followed by a few days the "Referee's certificate showing contempt in a Bankruptcy proceeding" to the District Court.

The Referee in that certificate represents that the District Court, in addition to denying review, had "affirmed" the Referee's opinion and orders, referring to the opinion of September 6 and the order of September 26. The District Court made a finding in the judgment and sentence that the District Court had "reaffirmed" the Referee's orders of June 13, 1962, and September 26, 1962. This is as close as either comes to saying just what the court order was.

On the record before us, and in the light of what has been said, we hold that the evidence adduced was insufficient to show guilt beyond a reasonable doubt of a violation of the order of the District Court of October 26, 1962. The burden was on the government to show a court order that appellant turn over the check. It was no doubt the sense of the court to adopt or in some way make the Referee's turnover order of June 13, 1962 its order. This may have been the sense of its order of October 26, 1962, but it was not without serious ambiguity. It was laid in the show cause order, the charging document, as the premise for a criminal contempt conviction in the terms that the court ordered appellant to turn over the check. The proof did not show such an order. See Matusow v. United States, 5 Cir., 1956, 229 F.2d 335; and Rule 42(b), supra, on the requirement of notice giving the essential facts constituting the criminal contempt charged.

Accordingly, the judgment must be, and it is reversed with direction to the District Court on remand that the conviction and sentence be set aside, and that judgment be rendered for appellant.

Reversed and remanded with directions.