**Ex parte Glenn M. GREEN.**

**No. B–9362.**

Supreme Court of Texas.

July 9, 1980.

Finger, Burg, Cohen & Forlano, Frederick P. Forlano, Houston, for relator.

Carol S. Vance, Dist. Atty., Jeanette Lizcano and Clyde F. DeWitt, III, Asst. Dist. Attys., Houston, for respondent.

GREENHILL, Chief Justice.

This is an original habeas corpus proceeding. The question presented is whether the record adduced at the contempt hearing contains any evidence that relator, Glenn M. Green, disobeyed a temporary injunction previously rendered by the 164th District Court. Since we are of the opinion that the record contains no evidence to support the present contempt order, we hold that the contempt order is void, and order the relator discharged.

In April, 1979, the Harris County authorities began investigating the Executive House of Models to determine whether the business was operated for the purposes of prostitution. After several incidents in which undercover police officers were offered sexual services for a fee, the State of Texas, acting pursuant to Article 4667,[1] applied to the 164th District Court for a temporary injunction to abate the continued operation of the business as a house of prostitution. Relator Green was one of the defendants to the State's application for temporary injunction.

On September 4, 1979, after a hearing before the court, the court rendered judgment for the State, and granted a temporary injunction ordering Green, and the other defendants, "to abate the said nuisance by permitting and allowing no person or persons to use the said premises for the purposes of prostitution . . . ." The court further enjoined Green, and the other defendants, "from further allowing the said

property to be used or occupied by prostitutes for the purpose of prostitution . . ." In making this order, the trial court specifically found that Green was one of the parties in lawful possession of the Executive House of Models at that time.

Two months later, on November 14, 1979, an undercover officer went to the Executive House of Models, where he was solicited for an act of prostitution. After this incident, the State filed its motion for contempt against Green in the 164th District Court, alleging that he "intentionally and knowingly violated the order of this Court by allowing to be committed an act of prostitution . . . on November 14, 1979 within the Executive House of Models . . . ." After hearing evidence, the court held Green in contempt of court for "allow[ing] to be committed an act of prostitution . . . on November 14, 1979 within the Executive House of Models . . . ."

Relator Green has filed this petition for writ of habeas corpus challenging the contempt judgment on the basis that the State presented no evidence that he had any connection with the Executive House of Models on November 14, 1979. Without any connection to the business, Relator Green contends that there is no evidence that *he* disobeyed the temporary injunction on November 14, 1979. Without such evidence that he disobeyed the temporary injunction, Relator Green concludes that the contempt judgment is void. We agree.

The only evidence presented at the contempt hearing concerning Relator Green's alleged connection with the Executive House of Models on November 14, 1979, showed the following: (1) from the time that the temporary injunction was granted, Relator Green completely disassociated himself from the Executive House of Models; (2) on November 14, 1979, Kyle Walker owned the business, and Richard Gant was the manager; and (3) Green neither exercised any control over, nor had any contact

1. Statutory references are to Vernon's Texas Revised Civil Statutes Annotated.

with, these two men in the operation of their business.[2]

The only evidence introduced in support of the State's motion for contempt concerned the act of prostitution on November 14, 1979.[3] Since there is no testimony that connects Relator Green to either the Executive House of Models or the act of prostitution on November 14, 1979, we hold that there is no evidence that Relator Green disobeyed the temporary injunction of the trial court. *Cf. Ex parte Bethurum*, 153 Tex. 563, 272 S.W.2d 85 (1954); *Ex parte Morris*, 147 Tex. 140, 215 S.W.2d 598 (1948).

Relator Green is ordered discharged.

**2.** There was evidence that Relator Green's wife was the salaried bookkeeper at the Executive House of Models. There was, however, no evidence to indicate that she was, in reality, acting on his behalf so as to manage the business in an indirect violation of the temporary injunction. Without some evidence to that effect, we will not uphold the contempt judgment on the State's conjecture that her position as bookkeeper was no more than a "thin veneer" behind which Relator Green operated to circumvent the temporary injunction. *Cf. Ex parte LaRocca*, 154 Tex. 618, 282 S.W.2d 700 (1955).

**3.** In oral argument, the State contended that proof of the act of prostitution was sufficient to support the contempt judgment since Relator Green had been ordered to abate the nuisance, and the act of prostitution indicated that he failed to do so. We find it unnecessary to pass upon this contention since neither the State's motion for contempt, the show cause order, nor the contempt judgment were based upon Relator Green's failure to abate the nuisance. Rather, these instruments indicate that Relator Green was brought before the trial court to respond to the allegation that he allowed the act of prostitution to occur.

Where one is required to defend against a motion for contempt, or show cause order, he is entitled to fair notice of the matters alleged against him as the basis of the contempt proceeding. *Ex parte Edgerly*, 441 S.W.2d 514 (Tex.1969); *Ex parte Pyle*, 134 Tex. 148, 133 S.W.2d 565 (1939); *Ex parte Ratliff*, 117 Tex. 325, 3 S.W.2d 406 (1928).